UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ANDREW WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>M. GIROUD, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv1899-RSH (MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT GIROUD'S PARTIAL MOTION TO DISMISS [ECF NO. 7]** |

## I.   BACKGROUND

Plaintiff Kyle Andrew Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (See ECF Nos. 1 & 4.)  On December 15, 2023, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A and found that Plaintiff alleged cognizable First Amendment and Religious Land Use and Institutionalized Persons Act claims.  (See ECF No. 4 at 5–6.)  Presently before the Court is Defendant M. Giroud's February 27, 2024, Partial Motion to Dismiss, asserting the Court lacks jurisdiction over Plaintiff's RLUIPA claim because it is moot.  (See ECF No. 7.)  On February 28, 2024, the Court issued a briefing schedule requiring Plaintiff to file any opposition by April 5, 2024.  (See ECF No. 8.)  The Court warned Plaintiff "that a failure to file and serve an opposition to the motion by the April 5, 2024, deadline may result in the Court issuing a

recommendation for partial dismissal." (Id. at 1.) On April 9, 2024, after not receiving an opposition from Plaintiff, the Court *sua sponte* extended Plaintiff's deadline to respond to April 26, 2024. (See ECF No. 9.) This deadline also passed without Plaintiff filing an opposition. (See generally Docket.)

## II.   PLAINTIFF'S ALLEGATIONS[1]

Plaintiff alleges that Defendant M. Giroud ("Defendant"), a Correctional Officer at Richard J. Donovan Correctional Facility ("RJD"), burdened his religious rights by refusing to provide him with a Quran. (ECF No. 1.) Specifically, Plaintiff alleges that on June 22, 2022, he was housed in the Administrative Segregation Unit ("ASU") at RJD. (Id. at 3.) While being escorted to the prison yard, Plaintiff asked Defendant for a Quran either from Plaintiff's personal property or from the library. (Id.) Plaintiff alleges that Defendant responded, "[i]f you give me something, I'll give you something." (Id.) Plaintiff says it became apparent to him that Defendant wanted him to "snitch" in exchange for a Quran. (Id.) Plaintiff refused to do so. (Id.)

Defendant allegedly asked, "what the Quran was worth to [Plaintiff]" and then told Plaintiff, "I thought you wanted help and you wanted to change, and what about your son." (Id.) Plaintiff reiterated that he could not "snitch" and just wanted his Quran. (Id.) Defendant allegedly laughed and transferred Plaintiff to be escorted by a different correctional officer. (Id.) Plaintiff alleges he did not receive a Quran. (Id.) Plaintiff sues Defendant in his individual and official capacities. (Id. at 2.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 7.)

## III.   PARTIES' POSITIONS

In the instant Motion, Defendant moves for partial dismissal of Plaintiff's Complaint on the grounds that the Court lacks jurisdiction over Plaintiff's Religious Land

---

[1] Because this matter is before the Court on a motion to dismiss, Plaintiff's factual allegations are accepted as true. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018).

Use and Institutionalized Persons Act ("RLUIPA") claim because it is moot. (ECF No. 7-1.) Defendant contends "Plaintiff's claim for injunctive relief—the only remedy available against state officials under RLUIPA—is rendered moot by his transfer [from RJD] to a different institution." (Id. at 2.) Even assuming Plaintiff's claim for injunctive relief is not moot, Defendant argues "Plaintiff fails to plead that Defendant Giroud is the official who can provide the relief requested." (Id.) Accordingly, Defendant asks the Court to grant his Partial Motion to Dismiss and dismiss the RLUIPA claim without leave to amend. (Id.) Plaintiff did not file an opposition, despite the Court *sua sponte* extending the deadline for him to do so. (ECF No. 9.)

## IV. LEGAL STANDARDS

### a. RLUIPA

Congress enacted RLUIPA to provide broad protection for religious liberty. Holt v. Hobbs, 574 U.S. 352, 356 (2015). Section 3 of RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

See 42 U.S.C. § 2000cc–1. Congress defined religious exercise to encompass "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A).

The Ninth Circuit has held that RLUIPA protects " 'institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion.' " Al Saud v. Days, 36 F.4th 949, 952 (9th Cir. 2022) (quoting Cutter v. Wilkinson, 544 U.S. 709, 721

(2005)).  To state a cognizable claim under RLUIPA, a plaintiff who is incarcerated must demonstrate: "(1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise."  Walker v. Beard, 789 F.3d 1125, 1134 (9th Cir. 2015) (citing Shakur v. Schriro, 514 F.3d 878, 888–89 (9th Cir. 2008)).  If the plaintiff establishes a *prima facie* claim under RLUIPA, the burden shifts to the government to "prove its actions were the least restrictive means of furthering a compelling governmental interest."  Id. (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)); see also Shakur, 514 F.3d at 888.

RLUIPA does not authorize suits for damages against state officials acting in their individual capacities.  Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing Wood v. Yordy, 753 F.3d 899, 903–04 (9th Cir. 2014)).  Moreover, "[t]he Eleventh Amendment bars [a plaintiff's] suit for official-capacity damages under RLUIPA."  Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1114 (9th Cir. 2010).  However, injunctive relief is available under RLUIPA if the claim is brought against defendants in their official capacities.  Al Saud, 36 F.4th at 953 ("[I]njunctive relief, not monetary damages, is available pursuant to RLUIPA, . . . against defendants in their official capacities") (citing Sossamon v. Texas, 563 U.S. 277, 287–88 (2011)).  To win injunctive relief, a plaintiff need not prove a named official's personal involvement in the alleged violation.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013).

### b. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  See Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In evaluating whether dismissal is appropriate, a court must accept all allegations of factual material pleaded in the complaint as true and "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, but rather must

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556); Somers v. Apple, Inc., 729 F.3d 953, 959–60 (9th Cir. 2013). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

### c. Mootness Doctrine

Finally, Article III of the United States Constitution limits federal judicial review to actual cases or controversies. See U.S. CONST. art. III, § 2. The Supreme Court has held that the case-or-controversy requirement exists throughout all stages of federal judicial proceedings, both trial and appellate. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990)). Accordingly, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis, 494 U.S. at 478 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quoting Spencer, 523 U.S. at 7; Lewis, 494 U.S. at 477). If a party is unable to maintain a "personal stake" in the outcome of the lawsuit, the claim becomes moot. Spencer, 523 U.S. at 7–8. There is an exception to the mootness doctrine for situations that are "capable of repetition

yet evading review." United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009) (quoting Gerstein v. Pugh, 420 U.S. 103, 111 n. 11 (1975)).  Relevant to the instant matter, the possibility that an incarcerated plaintiff could be transferred back to a specific prison is generally not substantial enough to warrant application of this mootness exception.  See Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995) (holding a prisoner's "claim that he might be transferred back [to the same prison] some time in the future [was] 'too speculative' to prevent mootness").

## V.   DISCUSSION

After thorough review of the pleadings and relevant law, the Court finds that Plaintiff's RLUIPA claim has been rendered moot by his transfer from RJD to another institution.  In his Complaint, Plaintiff attempts to sue Defendant Giroud in his individual and official capacities.  (ECF No. 1 at 2.)  Moreover, he seeks $2.3 million in monetary damages and the following injunctive relief:  "Place Qurans and Islamic literature in ASU and PSU [Psychiatric Services Unit] building-housing on book carts" at RJD.  (ECF No. 1 at 7.)  However, as discussed above, RLUIPA does not authorize suits for damages against state officials acting in their individual capacities.  Jones, 791 F.3d at 1031; Wood, 753 F.3d at 901 ("The issue of first impression in this circuit is whether [the plaintiff] may seek damages against prison officials in their individual capacities.  We agree with the unanimous conclusion of all of the other circuits that have addressed the issue that such a claim may not be maintained.")  Moreover, the Eleventh Amendment bars suits for official-capacity damages under RLUIPA.  Holley, 599 F.3d at 1114.  A plaintiff "may not recover damages for claims under RLUIPA against any defendant in either an official or individual capacity, and may only seek equitable relief against a defendant in his official capacity."  Gray v. Lewis, No. 13cv4929-SI, 2015 WL 3957865, at *4 (N.D. Cal. June 29, 2015).  Thus, Plaintiff may only proceed with his RLUIPA claim for injunctive relief against Defendant Giroud in his official capacity.

Here, Plaintiff has been removed from RJD—the environment in which he was subjected to the alleged RLUIPA violations.  Plaintiff is currently housed at Kern Valley

State Prison ("KVSP"), and he does not allege that he is likely to be transferred back to RJD.[2]  Because Plaintiff's claims arose at RJD, Defendant Giroud is employed at RJD, the circumstances about which Plaintiff complains relate only to RJD, and Plaintiff does not assert he has a reasonable expectation of returning to RJD, Plaintiff's RLUIPA claim for injunctive relief against Defendant Giroud is now rendered moot.  See, e.g., Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.") (internal citations omitted); Dilley, 64 F.3d at 1368 (holding a prisoner's transfer from an institution will generally moot any claims for injunctive relief relating to the institution's policies); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (concluding that if a prisoner has no reasonable expectation of returning to an institution after a transfer, his claims for injunctive relief are moot); Rogers v. Giurbino, No. 11cv560-WQH (RBB), 2016 WL 8578589, at *10–11 (S.D. Cal. July 22, 2016), report and recommendation adopted, No. 11cv560-WQH (RBB), 2016 WL 4651244 (S.D. Cal. Sept. 7, 2016), aff'd, 731 F. App'x 722 (9th Cir. 2018) (finding prisoner's claims for injunctive relief under RLUIPA were rendered moot because he was transferred to another institution).

      Even assuming Plaintiff's RLUIPA claim is not moot, Plaintiff has not demonstrated that Defendant can provide the relief he seeks (i.e., access to Qurans and other religious literature).  As Defendant points out, there is no indication that Giroud, a Correctional Officer at RJD, "has the ability to stock ASU and PSU book carts at all CDCR institutions with Qurans and Islamic literature, or the authority to order others to do so."  (ECF No. 7-1 at 6.)  In conclusion, the only relief available to Plaintiff under RLUIPA was to remove the alleged burden on Plaintiff's religious exercise by Defendant Giroud.  This is no

---

[2] The California Department of Corrections and Rehabilitation, California Incarcerated Records & Information Search (CIRIS) website reflects that Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), available at https://apps.cdcr.ca.gov/ciris/.

longer possible because Plaintiff has been transferred from RJD to a different institution. Additionally, Plaintiff has not demonstrated that Defendant Giroud can provide the relief he requests. Therefore, the Court **RECOMMENDS** that Defendant Giroud's Partial Motion to Dismiss be **GRANTED**.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Defendant Giroud's Partial Motion to Dismiss and **DISMISSING** Plaintiff's RLUIPA claim **without leave to amend**. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.")

**IT IS HEREBY ORDERED** that no later than **June 21, 2024**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 5, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  May 20, 2024

Honorable Michael S. Berg
United States Magistrate Judge